UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUDOLPH KENNEDY<br>    Plaintiff<br><br>versus<br><br>CHRISTOPHER LOVELACE, UTILITY<br>CONSTRUCTION GROUP, INC., N & B<br>TRUCKING, LLC, ABC INSURANCE<br>AND XYZ INSURANCE | * CIVIL ACTION NO.: 2:11-cv-2699<br>*<br>*<br>*<br>*<br>* JUDGE:<br>*<br>*<br>*<br>*<br>* MAGISTRATE:<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, with a full reservation of rights, Defendant, Utility Constructors, Inc. ("UCI"), in that matter entitled "Rudolph Kennedy v. Christopher Lovelace, et al., Civil Action No. 118-098, Division C, 34th JDC, St. Bernard Parish, State of Louisiana, hereby files this Notice of Removal and does remove this action to the United States District Court for the Eastern District of Louisiana. A copy of this Notice of Removal is being served upon Robert P. Blackburn, as counsel for Plaintiff, Rudolph Kennedy, ("Kennedy") and a copy of this Notice of Removal is being filed with the Clerk of Court of the above-referenced State Court in conformity with 28 USC § 1446(d). Pursuant to 28 USC

§ 1446(a), a copy of all services of process, pleadings and orders which have been served on this Defendant are attached hereto as Exhibit "A." A copy of the State Court file, which contains the Original Petition which was not served on UCI, is attached as Exhibit "B." Defendant respectfully submits that the grounds for removal of this matter are as follows:

I.

A Petition for Damages ("Petition") entitled "Rudolph Kennedy v. Christopher Lovelace, et al." Civil Action 118-098, Division C, was filed on August 26, 2011 in the 34th Judicial District Court for the Parish of St. Bernard, Louisiana, and is pending in that Court.

II.

In the Petition, the Plaintiff, Kennedy, brought suit against Christopher Lovelace; Utility Construction Group, Inc.; N & B Trucking, L.L.C.; and fictitious parties ABC Insurance Company and XYZ Insurance Company. Because the Petitioner alleged that N&B Trucking, L.L.C. was a Louisiana limited liability company, Kennedy's original State Court action was not removable.

III.

Subsequently, on September 28, 2011, Plaintiff filed his First Supplemental and Amending Petition (the "Supplemental Petition"), substituting two defendants for two others that had apparently been wrongfully named in the original Petition. Specifically, Plaintiff substituted "Utility Constructors, Inc." in the place of "Utility Construction Group, Inc."

More importantly for purposes of the jurisdiction of this Court, the Plaintiff also substituted "N B Trucking, Inc." in place of "N & B Trucking, L.L.C."

IV.

Plaintiff alleges in the introductory paragraph of the Petition that he is a domiciliary of Orleans Parish, Louisiana, and is therefore a Louisiana citizen for diversity purposes. In the Supplemental Petition, the Plaintiff alleges that Utility Constructors, Inc. is a Mississippi corporation and that N B Trucking, Inc. is a Florida corporation. Defendants ABC Insurance Company and XYZ Insurance Company are irrelevant for purposes of diversity jurisdiction, since Defendants sued under fictitious names are disregarded under 28 U.S.C. § 1441(a). Accordingly, there is complete diversity of citizenship between and among Kennedy and all Defendants.

V.

Because Plaintiff is no longer pursuing claims against Utility Construction Group, Inc. and N & B Trucking, L.L.C. in the Supplemental Petition, these entities should be considered as fraudulently joined and therefore disregarded for purposes of diversity jurisdiction. Because the alleged proper parties, Utility Constructors, Inc. and N B Trucking, Inc., have been substituted in their stead, there can be no possibility of the Plaintiff obtaining a recovery against these entities. Further, the Plaintiff did not make any allegations against or otherwise attempt to state a cause of action against N & B Trucking, L.L.C. in the Petition, and such entity is likewise fraudulently joined for that reason. Finally, because N & B

Trucking, LLC was sued as the alleged employer of the Plaintiff, his sole remedy would lie in the workers' compensation arena.

VI.

The Petition alleges that Kennedy was injured on August 27, 2010 in an "attack" begun by Lovelace. Specifically, the Plaintiff alleges that his injuries were sustained when Lovelace pushed him down the steps of a mobile work trailer. (Petition, at paragraph III.).

VII.

As a result of the incident, Kennedy allegedly sustained personal injuries of a "severe" nature (Petition, at paragraph VII). Kennedy seeks to recover damages for:

- Severe physical pain and suffering;
- Severe mental pain and suffering;
- Orthopedic injuries that may worsen and/or remain permanent; and
- Lost of past earnings and lost of future earnings capacity.

Further, the Plaintiff alleges that the full extent of his injuries is not yet fully known. (Petition, paragraph VII.)

VIII.

Defendant denies any and all liability, as well as any and all damages. Subject to such denial, Defendant notes that the amount in controversy herein can be shown by a preponderance of the evidence to exceed the sum of $75,000, exclusive of interest and costs,

given the scope of Kennedy's alleged injuries and the damages for which he is seeking recovery.

IX.

There is complete diversity of citizenship between Kennedy and the Defendants, and inasmuch as it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over this civil action pursuant to 28 USC § 1332. Accordingly, this action may be removed to this Court pursuant to 28 USC § 1441.

X.

Thirty (30) days have not elapsed from the date of service of the Supplemental Petition on the first-served Defendant, and less than one year has elapsed since the date of filing of the suit. Accordingly, this Notice of Removal is timely pursuant to 28 USC § 1441(b).

XI.

Promptly after the filing of this Notice of Removal, written notice will be given to the Petitioner, and it will be filed with the Clerk of Court for the 34th Judicial District Court for the Parish of St. Bernard.

**WHEREFORE,** Defendant UCI respectfully prays that this Notice of Removal be deemed good and sufficient and that the aforesaid Petition be removed from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana to this Honorable Court for

trial and determination provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and pleadings in such Civil Action from State Court, and thereupon proceed with the Civil Action as if it had been commenced originally in this Honorable Court.

Respectfully submitted this the 27th day of October, 2011.

        Respectfully submitted,

        */s/ M. Scott  Minyard*
        David A. Barfield, T.A., La. Bar No. 30216
        M. Scott Minyard, La. Bar No. .31879
        **BARFIELD & ASSOCIATES**
        **Attorneys At Law, P.A.**
        1515 Poydras Street, Suite 1130
        New Orleans, Louisiana 70112
        Tele:  504-568-1562 Fax:  504-568-1560
        **Attorneys for Defendant , Utility Constructors, Inc.**
        *dbarfield@barfieldlaw.com*
        *sminyard@barfieldlaw.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        */s/ M. Scott Minyard*